IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAYTON HARRIS, #360894 *
A/K/A Charles Price
Plaintiff, *

v. * CIVIL ACTION NO. ELH-15-2730

JANSSEN HEALTHCARE PRODUCTS *
Defendant.

*****

MEMORANDUM

On September 10, 2015, the court received a complaint filed by Dayton Harris, also known as Charles Price, a State inmate housed at the North Branch Correctional Institution in Cumberland, Maryland.[1] ECF 1. The suit was filed under 42 U.S.C. § 1983 against Janssen Healthcare Products, a New Jersey pharmaceutical company. Plaintiff claims, *inter alia*, that defendant has made an admission of negligence for its failure to anticipate and notify the public about the potential risk of taking the medication Risperdal.[2] Further, plaintiff alleges that his prescription for the medication caused him to develop gynecomastia or female breast growth. ECF 1.

Because plaintiff appears indigent, his motion to proceed in forma pauperis (ECF 2) shall be granted. The § 1983 complaint shall, however, be dismissed, without prejudice.

---

[1] Harris was sentenced to a 55-month term in the U.S. Bureau of Prisons starting in 2002. *See United States v. Price*, Criminal No. AMD-01-537 (D. Md.). He was admitted to the Maryland Department of Public Safety and Correctional Services in 2009. *See Price v. State*, Civil Action No. WDQ-13-3936 (D. Md.).

[2] Risperdal or Risperdone is used to treat schizophrenia and symptoms of bipolar disorder (manic depression). Risperdal is also used in autistic children to treat symptoms of irritability. *See* http://www.drugs.com/risperdal.html

Plaintiff filed this action under 42 U.S.C. § 1983. It provides a private cause of action for constitutional violations by persons acting under color of state law, it shall be dismissed. Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver,* 510 U.S. 266, 271, (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). *See also* 28 U.S.C. §§ 1343(a)(3) and (4); *West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson,* 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

Thus, jurisdictional and threshold requirements of §1983 civil actions demand that a substantial federal claim be asserted and that the named defendant acts "under color of" state law. Harris has not satisfied either threshold requirement. First, he has, at best, raised a product

liability/negligence claim. Such a claim is not cognizable under § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon,* 474 U.S. 344, 345-348 (1986); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Further, the named defendant, Janssen Healthcare Products, a private Titusville, New Jersey pharmaceutical company, does not qualify as a person acting under color of state law. *See Hardin v. Pfizer, Inc.*, 2007 WL 2212674, *1 (D. S.C. 2007).

To the extent that Harris sought to file a product liability/negligence lawsuit against Janssen Healthcare Products based on diversity jurisdiction under 28 U.S.C. § 1332, his complaint remains subject to dismissal, without prejudice. The court observes that Janssen appears to be a "citizen" of New Jersey and Pennsylvania. *See Brown v. Johnson and Johnson Pharmaceutical*, 12-01381-MPS, 2015 WL 235135 at *1 (D. Conn. 2015).[3]

To be sure, this court is required to construe liberally a complaint filed by a self-represented litigant, *see Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and to examine the complaint using a less stringent standard than for those drafted by attorneys. *Id.; see also Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). This court must allow the development of a potentially meritorious case, *see Hughes v. Rowe,* 449 U.S. 5, 9 (1980); *Cruz v. Beto,* 405 U.S. 319 (1972), and must assume the complaint allegations to be true. *Erickson,* 551 U.S. at 93.

However, under 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted.[4] Pursuant to this statute, numerous courts have performed

---

[3] The *Brown* case identifies Janssen Pharmaceuticals, Inc. as the proper name of the defendant.

[4] Title 28 U.S.C. Section 1915(e)(2)(B) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

a preliminary screening of non-prisoner complaints. *See, e.g.*, *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a non-prisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W. Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis). Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007).

Plaintiff has failed to state a claim that complies with Fed. R. Civ. P. 8(a)(2). For example, he provides no particulars as to his claim, such as when and who prescribed Risperdal, when he began taking the drug, the state or states in which he took the drug (given his prior federal incarceration, outside of Maryland), the length of time he took the prescription, when he developed gynecomastia, or facts showing a failure to warn. *Id*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667-68 (2009); *Twombly*, 550 U.S. at 554, 564 n.8.

Harris's complaint shall be dismissed by separate Order.

Date: October 6, 2015

__________/s/_____________
Ellen L. Hollander
United States District Judge

---

the court shall dismiss the case at any time if the court determines that-

(B) the action or appeal-

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.